**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ROBINJIT SINGH, | Case No. 26-cv-02724-BAS-SBC |
| Petitioner, | |
| v. | **ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS (ECF No. 1)** |
| TODD LYONS, *et al.*, | |
| Respondents. | |

Petitioner Robinjit Singh filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) Upon review, the Court notes that Petitioner filed two prior Section 2241 Petitions in Case Nos. 26-cv-00985-BAS-DEB and 26-cv-02095-BAS-DEB.

In Case No. 26-cv-00985, the Court found Petitioner had been subject to unreasonably prolonged detention and ordered that he receive a bond hearing. (No. 26-cv-00985, at ECF Nos. 11–13.) The Government complied with the Court's order.

Next, in Case No. 26-cv-02095, Petitioner challenged the outcome of the bond hearing. On April 21, 2026, the Court denied the second Petition, reasoning that because "the only claimed error in the bond hearing was the refusal to grant a continuance when

- 1 -

Petitioner only had one day's notice of the hearing," the "bond hearing was not constitutionally deficient." (No. 26-cv-02095, at ECF No. 11.)

Shortly after the Court denied the second Petition, Petitioner filed this third habeas case, again seeking to challenge his immigration custody. (ECF No. 1.)  A habeas petition is subject to summary dismissal when it is repetitive or duplicative.  *See, e.g.*, *Salas v. Att'y Gen.*, No. 2:23-cv-01118-TL-TLF, 2023 WL 5826738, at *2 (W.D. Wash. Aug. 21, 2023). The Petition here provides no new information or grounds for relief that were not raised in the prior two Petitions.  Therefore, the Court **DISMISSES WITHOUT PREJUDICE** the Petition. (ECF No. 1.)

The Clerk of Court shall enter a judgment dismissing this action without prejudice and shall close the case file.

**IT IS SO ORDERED.**

**DATED: May 14, 2026**

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**

26cv2724